Gen. 283] 283

**PERSONNEL**

**STATUTES − STATUTORY CONSTRUCTION − APPLICATION OF PREFERENCE PROVISION IN ARTICLE 64, §18**

July 21, 1993

*The Honorable J. Lowell Stoltzfus*
*Maryland Senate*

You have requested our opinion concerning the application of Article 64A, §18 of the Maryland Code, which provides for five preference points to be given to residents of counties with high unemployment on certain merit system examinations for the Division of Corrections. Specifically, you have asked whether residents of these counties can be given the five preference points if they took the merit examination prior to the effective date of the law, October 1, 1992.

For the reasons stated below, we conclude that residents who took the examination before October 1, 1992, and were placed on a list of eligible candidates that was published prior to October 1, 1992, are not entitled to the preference points. Residents who took the examination prior to October 1 and were placed on a list that was not published until after October 1, however, are entitled to the five preference points. In other words, candidates on an eligible list that was published after the effective date of the law, October 1, 1992, may receive preference points regardless of the date of the examination.

**I**

**Background**

Article 64A, §18(d) requires the Secretary of Personnel to grant a preference of five points on the examination to residents of a host county who are seeking employment at certain State prisons in areas

where unemployment exceeds the State rate of unemployment by 1.5 times. This new subsection was enacted by the General Assembly in 1992 as Chapter 410 (House Bill 1316) of the Laws of Maryland 1992. The relevant language of §18(d)(2) provides that the "Secretary shall allow 5 preference points to each resident of a host county...." The term "host county" is defined by subsection (d)(1)(ii) as "any county in which a prison facility is located or a county adjacent to a county in which a prison facility is located."[1]

The purpose of the bill was to give residents of Western Maryland and the Lower Eastern Shore preference in applying for positions at the new correctional facility in Allegany County and the prison facility in Somerset County. Floor Report on House Bill 1316 (March 18, 1992). In accordance with uncodified Section 2 of Chapter 410, the new preference went into effect on October 1, 1992, and will remain in effect until September 30, 2000, when it will be abrogated without further action of the General Assembly.

Chapter 410 was similar to a 1985 law that granted a preference to prospective employees of the Division of Corrections in counties with high unemployment. Chapter 408 of the Laws of Maryland 1985. Like the 1992 legislation, Chapter 408 also amended Article 64A, §18 to add a new subsection (d). Likewise, the 1985 preference law was abrogated after three years. Article 64A, §18(c) also provides that veterans are given five preference points on an examination (or, for a disabled veteran, ten points).

## II

### Analysis

The Department of Personnel currently grants preference points on merit examinations when the list of eligible candidates is published by the Department, not when the merit system examination is given or when the examination is graded. Thus, the triggering event that allows the points to be awarded is the publishing of the list of eligible candidates. Granting the preference

---

[1] Article 64A, §18(d) will be recodified on October 1, 1993, as §4-205(d) of the State Personnel and Pensions Article.

points when the list is published rather than when the exam is administered gives the Department time to verify whether the employee is a resident of a host county or is a veteran who has not been dishonorably discharged.[2] The list of eligible candidates then remains in effect for one year and may be combined with an existing list as provided for in Article 64A, §22. *See* COMAR 06.01.01.26.

Nothing in the statutory text or the legislative history of Chapter 410 or its 1985 predecessor suggests a decision by the General Assembly to alter this consistent administrative practice. The Department of Personnel's practice of granting preference points when a list of candidates is published was used in Somerset County for three years when the previous preference law was in effect. This policy is also followed when preference points for veterans are awarded to eligible candidates. Yet, the language of the preference provision, "the Secretary shall allow 5 preference points ...," indicates that the General Assembly did not consider or attempt to change the Department's long-standing policy.

Since §18(d) does not specify when preference points should be given, it is our view that the Department of Personnel's current interpretation and application of the preference point provision should be followed. The Court of Appeals has held on a number of occasions that the contemporaneous interpretation of a statute by the agency charged with its administration is entitled to great deference, especially when the interpretation has been applied consistently and for a long period of time. *See Baltimore Gas and Electric Company v. Public Service Commission of Maryland*, 305 Md. 145, 501 A.2d 1307 (1986); *National Asphalt v. Prince George's County*, 292 Md. 75, 437 A.2d 651 (1981); *Holy Cross Hospital v. Health Services Cost Review Commission*, 283 Md. 677, 393 A.2d 181 (1978).

Moreover, §18(d) cannot be interpreted to require a reordering of lists of eligibles published before October 1, 1992, because we must read §18(d) together with Article 64A, §22(a), which provides in pertinent part as follows: "Upon promulgation of an eligible list, the relative standings of eligibles may not be affected except where a clerical error in the computation of scores has been identified." To

---

[2] Article 64A, §18(c) provides that "All such credit shall be allowed only in determining the standing on the certification of eligibles of said veteran."

give effect to §18(d), the Department of Personnel is to allow the preference points to residents of a host county on any list of eligibles promulgated on or after October 1, 1992. The Department may reorder such a list if it did not previously grant the preference, for failing to do so would be "a clerical error." To give effect to §22(a), however, the Department may not grant the preference points if a list of eligibles was promulgated prior to October 1, 1992.

## III

## Conclusion

In summary, it is our opinion that candidates who reside in a host county and who are placed on a eligible list published after the effective date of the law, October 1, 1992, may receive the preference points allowed under Article 64A, §18(d), but residents who were placed on a published list prior to October 1, 1992, may not receive the preference points.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice\**

\* Amanda Stakem Conn, a volunteer intern with the Opinions & Advice Division, contributed substantially to the preparation of this opinion.